UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TEOFILO RAMIREZ, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:12-CR-29-TWP-HBG-1 |
| | ) | | 3:16-CV-702-TWP |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 20]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on February 3, 2017 [Doc. 22]; Petitioner replied in turn on February 17, 2017 [Doc. 23]. For the reasons that follow, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  BACKGROUND

In 2012, Petitioner pled guilty to unlawfully reentering the United States after having been deported following a conviction for an aggravated felony, in violation of 18 U.S.C. § 1326(a)(1), (b)(2) [Presentence Investigation Report (PSR) ¶¶ 1–3]. The United States Probation Office assigned Petitioner a base offense level of eight under Section 2L1.2(a) of the United States Sentencing Guidelines, but applied a sixteen-level enhancement under Section 2L1.2(b)(1)(A)

based on Petitioner's prior California conviction for carjacking and robbery [*Id.* ¶¶ 14, 15, 28].[1]
A three-level reduction for acceptance of responsibility yielded a total offense level of twenty-one, which combined with Petitioner's criminal history category of VI to produce an advisory Guideline range of 77 to 96 months' imprisonment [*Id.* ¶¶ 21, 22, 53]. On October 17, 2012, this Court sentenced Petitioner to 77 months' imprisonment [Doc. 18]. He did not appeal.

Over three-and-a-half years later—on June 22, 2016, Petitioner filed the instant § 2255 motion challenging his sentence based on the *Johnson* decision [Doc. 20 (arguing that his California conviction for carjacking and robbery no longer qualifies as a "crime of violence")].

## II.   STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which

---

[1]   Section 2L1.2(a) provides for a base offense level of eight and sixteen-level enhancement where the defendant was previously deported or unlawfully remained in the United States after being convicted of a "crime of violence." U.S. Sentencing Manual § 2L1.2. The application notes to that same section defines crime of violence as "any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses[,] . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Manual § 2L1.2 App. No. 1(B)(iv).

necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

III. ANALYSIS

To the extent that Petitioner's argues he no longer possesses predicate offenses sufficient for categorization as an armed career criminal under § 924(e), enhancement as a career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or application of an enhanced base offense level under Section 2K2.1 of the same, that argument fail because the record demonstrates that he was never subjected to those provisions [PSR ¶¶ 14, 15, 21, 22, 28, 53].[2]

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

3

To the extent that Petitioner challenges application of the sixteen-level enhancement under Section 2L1.2(b)(1)(A), that argument fails because the definition for "crime of violence" under Section 2L1.2 does not contain a residual clause like the one invalidated by the *Johnson* decision. Thus, the *Johnson* decision is inapposite to the instant case and cannot serve as a basis for relief.

**IV.   CONCLUSION**

For the reasons discussed, the § 2255 motion [Doc. 20] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                                s/ Thomas W. Phillips
                                            SENIOR UNITED STATES DISTRICT JUDGE